IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SCHWORCK,

                        Plaintiff,                                    OPINION AND ORDER

        v.
                                                                      25-cv-943-wmc

DANE COUNTY CIRCUIT JUDGE STEPHANIE R.
HILTON, WISCONSIN COURT OF APPEALS,
WISCONSIN SUPREME COURT, and the STATE
OF WISCONSIN,

                        Defendants.

---

Plaintiff Jesse Schworck, who is representing himself, has filed a complaint under 42 U.S.C. § 1983, alleging that his rights were violated during divorce proceedings initiated against him by his now ex-wife.  Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In addressing any self-represented litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Even under this lenient standard, however, the court must dismiss the complaint for the reasons explained below.

ALLEGATIONS OF FACT[1]

In 2019, Vera Amondi Okello petitioned the Dane County Circuit Court for a

---

[1] Unless otherwise indicated, the facts in this section are taken from plaintiff's complaint.  (Dkt. #1.)

divorce from plaintiff Jesse Schworck, seeking child support.  *In re the marriage of Vera Amondi Okell and Jesse Robert Schworck*, Case No. 2019FA1039.[2]  During that proceeding, Schworck argued that the marriage was invalid because it was the product of marriage fraud.  Schworck advised the presiding judge, which was Frank Remington at the time, that he had initiated proceedings in Kenya to declare the marriage void.[3]  Schworck also argued that Okello was in the country illegally in violation of immigration law.  Instead of arresting Okello and holding her for ICE to be deported, Judge Remington proceeded with the divorce as though the couple were lawfully married.  Schworck claims that Judge Stephanie R. Hilton, who took over Case No. 2019FA1039 after Judge Remington retired, also refused to follow the law by providing "further sanctuary and protection" to Okello in violation of Schworck's rights.  Schworck pursued a number of appeals to the Wisconsin Court of Appeals and the Wisconsin Supreme Court, but was denied relief.

Schworck complains that as a result of his ex-wife remaining in the country, he cannot choose a school for his son or travel, and he has "money judgments" being filed against him, which pose a "present and continuous danger of contempt with threat of arrest and imprisonment, among other things."  (Dkt. #5.)  Schworck sues Judge Hilton, several unnamed judges with the Wisconsin Courts of Appeal, all of the Wisconsin Supreme Court Justices, and Wisconsin Attorney General Josh Kaul.  Schworck alleges that these officials

---

[2] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (collecting cases).

[3] Schworck encloses a judgment from a magistrate court in the Republic of Kenya, showing that he was granted a divorce from Okello in absentia in February 2023, after Okello initiated divorce proceedings against him in Dane Count Case No. 2019FA1039.  (Dkt. #1-1, at 1.)

violated his right to due process, equal protection, and access to the courts in violation of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.  Schworck also alleges that these officials violated 18 U.S.C. §§ 241 and 242 by conspiring to violate his rights.  He seeks a judgment declaring that "all state court orders and judgments" are void in Case No. 2019FA1039 and the following associated cases:  Dane County Case Nos. 2020FA1953, 2021FA729, 2023FA419, and  Wisconsin Court of Appeals/Wisconsin Supreme Court Case Nos. 2022AP1651, 2023AP850, 2023AP959, and 2024AP82.  He also seeks compensatory damages and a court order directing the U.S. Marshal to arrest Okello and hold her for deportation by ICE back to Kenya.

OPINION

As an initial matter, plaintiff lists the State of Wisconsin, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court as defendants in the caption of his complaint. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a "person" acting under color of law deprived him of a right secured by the Constitution or the laws of the United States. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). Neither the State of Wisconsin nor any of its agencies or employees acting in their official capacity are persons who can be sued under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65-66, 71 (1989).

If plaintiff is suing Judge Hilton or any other judge in their official capacity, his claims are barred by the Eleventh Amendment. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (federal suits for damages against state officials in their official capacities are barred by Eleventh Amendment sovereign immunity).  If plaintiff is suing

3

Judge Hilton or any other judge in their individual capacity, his claims are barred by the doctrine of judicial immunity because he is complaining about judicial rulings. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (Absolute immunity shields a judge from liability "even if his exercise of authority is flawed by the commission of grave procedural errors.").

Any claim against Attorney General Kaul in his official capacity is similarly barred by the Eleventh Amendment. Likewise, plaintiff does not allege that Attorney General Kaul had any personal involvement in his divorce proceeding for purposes of liability in his individual capacity. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation).

To the extent that plaintiff seeks declaratory or injunctive relief, "[t]he *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983)). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005). The doctrine is limited to federal claims that "'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021) (quoting *Swartz v. Heartland Equine Rescue*, 940 F.3d 387,

391 (7th Cir. 2019)).

Here, plaintiff directly seeks to void all state court orders and judgments associated with his contested divorce proceeding in Dane County Case No. 2019FA1039 and related cases. The *Rooker-Feldman* doctrine prohibits this court from reviewing those decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

Even if *Rooker-Feldman* did not apply, the court would still lack jurisdiction over plaintiff's challenge to his divorce proceeding. Under the "domestic relations exception" to federal jurisdiction, federal courts generally lack jurisdiction over disputes challenging divorce, custody, or alimony decrees, even if those disputes might otherwise fall under diversity or federal question jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Finally, although plaintiff also relies on criminal statutes as a basis for jurisdiction, criminal statutes that do not provide a private right of action. *See Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). In other words, private parties have no authority to pursue claims under federal criminal statutes. *Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003). Similarly, to the extent that plaintiff faults any of the defendants for not investigating or seeking his ex-wife's arrest, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Plaintiff is not otherwise entitled to an order requiring the arrest or prosecution

of any individual. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Although the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal is appropriate here because plaintiff's allegations do not suggest that he could amend his complaint to state a claim for relief in federal court.

## ORDER

IT IS ORDERED that:

1. The complaint filed by plaintiff Jesse Schworck is DISMISSED without prejudice for lack of jurisdiction.

2. Plaintiff's motion for expedited review (dkt. #4) is DENIED as moot.

Entered this 1st day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge